UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID L. SIMPSON, | ) | Case No. CV 05-3919-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On June 2, 2005, David L. Simpson ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for security disability insurance benefits. On October 4, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on December 21, 2005, defendant filed an Answer to Complaint. On February 17, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On May 12, 2003, plaintiff filed an application for social security disability insurance benefits. (Administrative Record ["AR"] at 39-41). In his application, plaintiff claimed that, beginning on October 1, 2001, the following ailments prevented him from working: malignant melanoma, severe headaches, and severe depression. (AR at 53-54). The Commissioner denied plaintiff's application for benefits. (AR at 32-36). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 37).

On October 25, 2004, the ALJ conducted a hearing in Downey, California. (AR at 327-52). Plaintiff appeared at the hearing with counsel and testified. (AR at 330-52). On November 26, 2004, the ALJ issued his decision denying benefits. (AR at 17-22). In his decision, the ALJ concluded that plaintiff suffered from the following severe impairments: status post malignant melanoma of the left shoulder, status post hernia repair, lumbar spondylosis, and depression. (AR at 19). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that, based upon his residual functional capacity, plaintiff retained the capacity to perform medium work. (AR at 20). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 21).

On December 3, 2004, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 12). On April 1, 2005, the Appeals Council affirmed the ALJ's decision. (AR at 6-8).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the Joint Stipulation:

1. The ALJ failed to properly rely on the medical-vocational guidelines.

2. The ALJ failed to properly consider the testimony of plaintiff.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Desrosiers v. Secretary of Health & Human Servs.</u>, 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson</u>, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. <u>Green v. Heckler</u>, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1452 (9th Cir. 1984).

///
///
///
///
///

**DISCUSSION**

**A.     The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Bowen, 482 U.S. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. Id. at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. Id. at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Id. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. Id. at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. Id.

**B.     Rejection of Plaintiff's Testimony**

Plaintiff objects to the ALJ's determination that plaintiff lacked credibility regarding his subjective symptom testimony. With respect to plaintiff's residual functioning capacity, the ALJ wrote,

4

"Although the claimant has described his physical functioning as markedly limited, he testified at the October 2004 hearing that he regularly performs yard work.  Also somewhat inconsistent with an allegation of markedly limiting physical impairment, he testified that he remains able to lift 75 pounds occasionally."  (AR at 20).  Ultimately, the ALJ determined that plaintiff retained the residual functional capacity to lift 25 pounds frequently and 50 pounds occasionally, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. (Id.). Additionally, the ALJ assessed moderate limitations in plaintiff's ability to interact appropriately with the general public and in performing especially detailed and/or complex tasks.  (Id.).

At the hearing, plaintiff testified regarding his pain and functional limitations.  First, plaintiff testified that he quit working due to fatigue, severe headaches, and an inability to concentrate.  (AR at 334, 339, 347).  Plaintiff complained that he could not work for more than "an hour or so" without having to lie down.  (AR at 336, 339).  Plaintiff would go out and try to do yard work, "a little bit every day," for about an hour.  (AR at 340). Plaintiff also testified that he could walk around for an hour before having to sit or lie down; he could stand without moving for "maybe a little longer [than an hour];" and he could sit for "probably a couple of hours" at any one time.  (AR at 340-41, 347).  The ALJ rejected plaintiff's testimony, which was inconsistent with the residual functional capacity assessed by the ALJ.

An ALJ need not believe every allegation of disabling pain.  See Ortega v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995).  Where an ALJ finds a claimant's claims of disabling pain not entirely credible, and

there is no evidence of malingering, the ALJ must set forth legally permissible, specific, clear and convincing reasons for doing so. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993) ("If there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant was malingering, the Secretary's reason for rejecting the claimant's testimony must be 'clear and convincing,' and supported by specific findings") (citations omitted). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Morgan v. Commissioner of the Social Security Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Furthermore, "[i]t's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." Dodrill, 12 F.3d at 918 (citing Varney v. Secretary of Health and Human Services, 846 F.2d 581, 584 (9th Cir. 1988), rev'd on other grounds upon reh'g, 859 F.2d 1396 (9th Cir. 1988)). An ALJ's reasons for discrediting a claimant's testimony must be sufficiently specific for the reviewing court to assess whether the decision was impermissibly arbitrary. Bunnell v. Sullivan, 947 F.2d 341, 345-56 (9th Cir. 1991).

As discussed below, the ALJ's reasons for rejecting plaintiff's credibility do not withstand scrutiny.

**1.  Daily Activities**

The ALJ determined that plaintiff's ability to regularly perform yard work rendered his claims of disability not credible. (AR at 20). The ALJ concluded that plaintiff's ability to handle this daily activity by himself suggest that plaintiff's physical functioning was not as limited as he claimed. (Id.).

1    In evaluating a claimant's credibility, an ALJ must consider the
2 factors that Social Security Regulation 95-5p sets forth. Those
3 factors include the claimant's daily activities and the adjudicator's
4 personal observation of the claimant.  See SSR 95-5p.  "With respect
5 to daily activities, this court has held that if a claimant 'is able
6 to spend a substantial part of [his] day engaged in pursuits involving
7 the performance of physical functions that are transferable to a work
8 setting, a specific finding as to this fact may be sufficient to
9 discredit a claimant's allegations.'"  Vertigan v. Halter, 260 F.3d
10 1044, 1049 (9th Cir. 2001) (emphasis in original) (citing Morgan, 169
11 F.3d at 600); see also Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.
12 1989).  In Fair, however, the Ninth Circuit cautioned that "many home
13 activities are not easily transferable to what may be the more
14 grueling environment of the workplace, where it might be impossible to
15 periodically rest or take medication."  Fair, 885 F.2d at 603.
16    Here, plaintiff did not engage in any daily activities that
17 supported the ALJ's decision to reject his credibility.  At the
18 hearing, plaintiff testified that he does yard work for approximately
19 one hour and then has to lie down for three or four hours afterwards
20 due to fatigue and shortness of breath.  (AR at 340).  Plaintiff
21 further testified that he tries "to do a little bit [of yard work]
22 every day if I can."  (Id.).  One hour of yard work is not
23 transferable to a work setting, particularly since plaintiff must lie
24 down for three to four hours afterwards.  See Vertigan, 260 F.3d at
25 1049; see also Morgan, 169 F.3d at 600; Fair, 885 F.2d at 603.  The
26 Ninth Circuit has found that other daily activities, such as grocery
27 shopping, driving a car, or limited walking for exercise, do not "in
28 any way detract from [a claimant's] credibility as to [his] overall

disability." Vertigan, 260 F.3d at 1050; see also Howard v. Hecklar, 782 F.2d 1484, 1488 (9th Cir. 1986) (claim of pain-induced disability not gainsaid by capacity to engage in periodic travel); Gallant v. Hecklar, 753 F.2d 1450, 1453 (9th Cir. 1984) (ordering award of benefits for constant back and leg pain despite claimant's ability to cook meals and wash dishes). The Ninth Circuit has repeatedly stated that a claimant need not be utterly incapacitated in order to be disabled. See Fair, 885 F.2d at 603 ("The Social Security Act does not require that claimant be utterly incapacitated to be eligible for benefits."); see also Vertigan, 260 F.3d at 1050 ("One does not need to be utterly incapacitated in order to be disabled."). As such, no substantial evidence exists to support the ALJ's finding that plaintiff's daily activity of yard work rendered his testimony not credible.

In sum, the ALJ does not present clear and convincing reasons to support his determination that plaintiff's testimony regarding his functional limitations was not credible by virtue of his daily routine.

**2.   Inconsistent Statement**

The ALJ rejected plaintiff's credibility based on his testimony regarding his ability to lift 75 pounds occasionally. (AR at 20). The ALJ found his stated capability to lift the weight was "somewhat inconsistent with the allegation of markedly limiting physical impairment." (Id.). Internal conflicts in a claimant's statements or testimony support a finding that the claimant lacks credibility. See Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997) (in weighing claimant's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his

8

testimony and his conduct"); see also Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989) (ALJ can reject pain testimony based on contradictions in plaintiff's testimony).

Here, the ALJ rejected plaintiff's credibility, in part, based on his "somewhat inconsistent" statement about his ability to lift 75 pounds occasionally. (AR at 20). When asked when was the last time he lifted 75 pounds, plaintiff responded, "Probably a while." (AR at 342). Plaintiff further testified that he had not lifted anything recently weighing 40 pounds, but he estimated that he could lift that amount if he needed to. (Id.). Plaintiff also testified that he could not lift for eight hours a day. (Id.). While the ALJ found that plaintiff's statement conflicted with his "allegation of markedly limiting physical impairment," plaintiff testified that his physical impairments stemmed from fatigue, severe headaches, and an inability to concentrate. (AR at 334, 339, 347). Such factors do not involve plaintiff's ability to lift 75 pounds occasionally, nor has plaintiff alleged that his disabling symptoms affected his ability to lift. Thus, plaintiff's stated ability to lift 75 pounds was not inconsistent with his prior statements of disability. Furthermore, plaintiff's testimony that he could lift 75 pounds was only an estimation. Upon further questioning, plaintiff revealed that he had not lifted the lower amount of weight of 40 pounds in the recent past. (AR at 342). Plaintiff could very well be overestimating his own capabilities. Finally, even if the Court agreed that plaintiff's statement represented an inconsistency, this single instance of an inconsistent statement does not constitute clear and convincing grounds for determining that plaintiff is not credible. Indeed, even the ALJ characterizes the statement as only "somewhat inconsistent."

(AR at 20). Aside from this one statement, there does not appear to be other inconsistent statements, nor does the ALJ cite to any other inconsistencies. This was not a sufficiently clear and convincing reason for the ALJ to reject plaintiff's credibility.

**C.    Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000).

Here, the Court finds remand appropriate. The reasons cited by the ALJ in support of his rejection of plaintiff's credibility are insufficient. On remand, the ALJ must provide clear and convincing reasons in support of his finding that plaintiff's testimony regarding his physical functioning was not fully credible.[1]

---

[1] Plaintiff has raised another claim of error regarding the ALJ's decision, namely that the ALJ failed to properly rely on the medical-vocational guidelines. As explained above, the ALJ's error in assessing plaintiff's credibility constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have to address
(continued...)

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 23, 2006

```
                                    _____/s/_____
                                    JENNIFER T. LUM
                                    UNITED STATES MAGISTRATE JUDGE
```

---

[1](...continued)
plaintiff's remaining issue again.  In any event, the ALJ should consider plaintiff's remaining argument when determining the merits of plaintiff's case on remand.

11